IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LEE LACEY, ) | No. CV 10-323-TUC-FRZ (BPV) |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND** |
| vs. ) | **RECOMMENDATION** |
| ) | |
| CHARLES L. RYAN, ET AL., ) | |
| ) | |
| Respondents. ) | |
| ) | |

On June 1, 2010, Petitioner Lee Lacey, presently confined in the Arizona State Prison Complex-Lewis, Barchey Unit, in Buckeye, Arizona, filed a *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus ("Petition")(Doc. 1), and supporting memorandum (Doc. 3). Respondents have filed an answer to the petition ("Answer") with exhibits A through P attached. (Doc. 13.) Petitioner did not file a reply.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation. (Doc. 5)

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition.

//

//

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    A.    <u>Trial Court Proceedings</u>

An indictment was filed by the grand jurors of Pima County in Arizona Superior Court on May 29, 2007, charging Petitioner with one count of burglary in the second degree, a class three felony. (Answer, Ex. A) On February 8, 2008, Petitioner signed a plea agreement, and entered a plea to the charge in the indictment with an admission of a historical prior conviction. (Id, Exs. B, C) The terms of the plea agreement provided for a sentence to be imposed in the range between a substantially mitigated sentence (3.5 years) and a presumptive sentence (6.5) years. (*Id.*, Ex. B)

Petitioner was sentenced on March 19, 2008. (Answer, Ex. E) At sentencing, the State recommended the presumptive term, noting Petitioner's numerous prior convictions. (*Id.*, Ex. F, Sentencing Transcript, 3/19/08, at 3) Petitioner's counsel argued for a slightly mitigated sentence for reasons including "Mr. Lacey's horrific childhood" which involved "four dependencies," being beaten by his mother in addition to his mother's failure to protect him or provide medical care for him, and Petitioner's present family support. (*Id.*, at 5) Petitioner also presented to the court his concern for his own health since he had been diagnosed with hepatitis C. (*Id.*, at 6) The court sentenced Petitioner to the slightly mitigated sentence of 6 years, and gave as circumstances for the mitigation "the defendant's poor health." (*Id.*, Ex. E, at 2; Ex. F, Sentencing Transcript, 3/19/08, at 6)

    B.    <u>First Petition for Post-Conviction Relief</u>

Counsel for Petitioner filed a petition for post-conviction relief on January 12, 2009, raising two grounds for relief: (2) the trial court lacked subject matter jurisdiction, and (2) the trial court failed to consider all mitigating evidence presented at sentencing. (Answer, Ex. H.)  The Petitioner later filed a reply in which he withdrew his first argument in the petition. (*Id.*, Ex. J) On April 21, 2009, the trial

1  court dismissed the petition, stating that Petitioner did not establish a colorable claim
2  that the court sentenced Petitioner in violation of A.R.S. § 13-701. (*Id.*, Ex. K)

3        On May 20, 2009, Petitioner filed a petition for review in the court of appeals,
4  asserting that the trial court erred by not considering Petitioner's background and
5  community support as required by A.R.S. § 13-701(E)(6). (*Id.*, Ex. L)

6        The court of appeals granted review, but denied relief in a memorandum
7  decision filed on October 8, 2009. (Answer, Ex. N)   The court of appeals noted a
8  presumption that the trial court considered the evidence before it, but more
9  specifically, in this case, the court made clear in denying Lacey's petition for post-
10 conviction relief that it had considered the evidence presented, including information
11 about Lacey's 'troubled background and his community support.'" (*Id.*, at 3) The
12 court of appeals found the trial court was correct in observing, under state law, that
13 the mere fact that mitigating evidence was presented did not require the trial court to
14 find that evidence constituted a mitigating circumstance under the statute. (*Id.*, at 2-3)
15 Additionally, the court of appeals concluded that the trial court did not abuse its
16 discretion when it initially sentenced Lacey to a partially mitigated term, nor did it do
17 so when it reconsidered the propriety of Lacey's sentence in light of the arguments
18 raised in the Rule 32 petition, and denied Petitioner's request for relief. (*Id.*, at 3)

19       C.    <u>Federal Habeas Petition</u>

20       On June 1, 2010, Petitioner filed the instant habeas petition, raising one ground
21 for relief ("Ground One"). (Doc. 1) Petitioner alleges that the trial court did not
22 consider mitigation as required under A.R.S. § 13-701(C) and (E), in violation of the
23 Equal Protection Clause of the Fourteenth Amendment.

24 //
25 //
26 //
27
28

-3-

**II.    DISCUSSION**

    A.    Standard of Review

Because Petitioner filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

    B.    Statute of Limitations

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review [.]" 28 U.S.C. § 2244(d)(1)(A). The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. *See* 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief. 28 U.S.C. § 2244(d)(2).

Respondents do not contest the timeliness of the habeas petition. Based on a review of the record, the Court finds that the petition is timely under 28 U.S.C. § 2244(d)(1)(A).

    C.    Ground One

Petitioner raises one ground for relief in his federal habeas petition. In Ground One, Petitioner alleges a violation of his Fourteenth Amendment equal protection rights at sentencing because "[t]he superior court did not consider mitigation as required under A.R.S. section 13-701(C) [and] (E)." (Petition, at 6; *see also* Doc. 3, at 2-4) Respondents assert that this Court should not consider the merits of the claim

-4-

1 because it is not a cognizable federal claim. Additionally, Petitioner's claim is unexhausted and procedurally defaulted, and Petitioner has not excused his procedural default.[1]

### 1. *Cognizable Federal Claim*

Petitioner argues in Ground One of his Petition that the sentencing court did not consider mitigation as required under A.R.S. § 13-701(C) and (E), in violation of the Equal Protection Clause of the Fourteenth Amendment. (Doc. 1)

Respondents assert that Ground One of the Petition is not amenable to federal review. Respondents are correct. A violation of state law is not grounds for habeas relief. *See Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991) (it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions; a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States). This Court can grant habeas relief "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treatises of the United States." 28 U.S.C. § 2254(a). Petitioner argues no set of facts that support a federal claim.

To receive equal protection review of a claim attacking the application of state law, a petitioner would have to show that he was somehow treated in a discriminatory fashion. "The fourteenth amendment's equal protection clause "announces a fundamental principle: the State must govern impartially. General rules that apply evenhandedly to all persons within the jurisdiction unquestionably comply with this principle." " *McQueary v. Blodgett*, 924 F.2d 829, 834 (9th Cir.1991) (quoting *Jones v. Helms*, 452 U.S. 412, 423 (1981)). Here, Petitioner does not lay out such an egregious error, nor a discriminatory application. Although Petitioner alleges a

---

[1] In the event the District Court rejects the Magistrate's Report and Recommendation, the Respondents request the opportunity to file a supplemental answer addressing the merits of Petitioner's claim. (See Answer, at 7, n.5)

-5-

violation of his equal protection rights under the Fourteenth Amendment of the Constitution, Petitioner does not elaborate in these federal habeas proceedings how the alleged error by the state courts presents a cognizable federal claim. Petitioner's passing reference to the Equal Protection Clause does not transform this claim into a federal claim. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996)(Petitioner may not transform a state-law issue into a federal one merely by asserting a constitutional violation; alleged errors in the application of state law are not cognizable in federal habeas corpus.) Petitioner is simply challenging the state court's application of a state law, not a federal law, specifically, the state court's failure to consider mitigation as required under A.R.S. § 13-701. Such claims are not cognizable in federal habeas. *See Estelle, supra*.

Accordingly, the Magistrate Judge recommends that Ground One be dismissed as failing to present a cognizable federal claim, pursuant to 28 U.S.C. § 2254(a).

### 2.   *Procedural Default*

In addition to being non-cognizable, Respondents assert that Petitioner's claims are procedurally defaulted, and that Petitioner has not excused the procedural default. For the reasons stated below, the Magistrate Judge agrees with Respondents and recommends that the District Court deny the habeas petition and dismiss it with prejudice.

### a.   **Exhaustion of State Remedies**

Before a federal court may review a petitioner's claims on the merits, a petitioner must exhaust his state remedies, which means he must have presented in state court every claim raised in his federal habeas petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (a state prisoner in a federal habeas action must exhaust his federal claims in the state courts "by invoking one complete round of the State's established appellate review process" before he may submit those claims in a federal habeas petition). Exhaustion occurs either when a claim has been

1  fairly presented to the highest state court, *Picard v. Connor*, 404 U.S. 270, 275
2  (1971), or by establishing that a claim has been procedurally defaulted and that no
3  state remedies remain available, *Reed v. Ross*, 468 U.S. 1, 11 (1984). Exhaustion of
4  state remedies is required in order to give the state the "opportunity to pass upon and
5  correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S.
6  27, 29 (2004) (internal quotation marks and citations omitted).

7  "To exhaust one's state court remedies in Arizona, a petitioner must first raise
8  the claim in a direct appeal or collaterally attack his conviction in a petition for
9  post-conviction relief pursuant to Rule 32," *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th
10 Cir.1994), and then present his claims to the Arizona Court of Appeals. *See Swoopes
11 v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999).

12 To meet the exhaustion requirement, the petitioner must "fairly present" his
13 claim in each appropriate state court by describing the factual or legal bases for that
14 claim and by alerting the state court "to the fact that the ... [petitioner is] asserting
15 claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364,
16 365-366 (1995); *Baldwin*, 541 U.S. at 29; *see also Tamalini v. Stewart*, 249 F.3d 895,
17 898 (9th Cir.2001). Mere similarity between a claim raised in state court and a claim
18 in a federal habeas petition is insufficient. *Duncan*, 513 U.S. at 365-366. A petitioner
19 must present both the operative facts and the federal legal theory on which the claim
20 is based, *see Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir.2003) (overruled on other
21 grounds, *Robbins v. Carey*, 481 F.3d 1143 1149 (9th Cir.2007)), "broad
22 constitutional principles, such as due process, equal protection, and the right to a fair
23 trial" in state court pleadings are not sufficient to establish that a federal constitutional
24 claim was fairly presented to the state courts. *Castillo v. McFadden*, 399 F.3d 993,
25 999 (9th Cir. 2005)(internal citations omitted). A petitioner must make the federal
26 basis of a claim explicit either by citing specific provisions of federal law or case law,
27 *Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir. 2000) as amended by 247 F.3d 904 (9th

28

1 Cir. 2001), or by citing state cases that plainly analyze the federal constitutional
2 claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir.2003) (*en banc*).

3 A habeas petitioner's claims may be precluded from federal review in either of
4 two ways. First, a claim may be procedurally defaulted in federal court if it was
5 actually raised in state court but found by that court to be defaulted on state
6 procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). This
7 situation is referred to as "procedural bar" or "procedural default." *See Coleman*, 501
8 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state court
9 meets the technical requirements for exhaustion; there are no state remedies any
10 longer 'available' to him."). A claim is procedurally defaulted if the state court
11 declined to address the issue on the merits for procedural reasons such as waiver or
12 preclusion. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-805 (1991); *Franklin v. Johnson*,
13 290 F.3d 1223, 1230 (9th Cir.2002). Second, the claim may be procedurally defaulted
14 in federal court if the petitioner failed to present the claim in a necessary state court
15 and "the court to which the petitioner would be required to present his claims in order
16 to meet the exhaustion requirement would now find the claims procedurally barred."
17 *Coleman,* 501 U.S. at 735 n.1; *Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir.2007)
18 (*en banc*) This is often referred to as "technical" exhaustion, because although the
19 claim was not actually exhausted in state court, the petitioner no longer has an
20 available state remedy.

21 If a petitioner has failed to fairly present a claim to the state court, it is the role
22 of the federal court to determine if he has any available remaining remedies in state
23 court. *See Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir 1998)(citing *Harris v. Reed*,
24 489 U.S. 255, 269-70 (1989)(O'Connor, J., concurring)). The question is whether
25 "there is some reasonable probability that (state) relief will actually be available."
26 *Matias v. Oshiro*, 683 F.2d 318, 320 (9th Cir. 1982)(citing *Powell v. Wyrick*, 657 F.2d
27 222, 224 (8th Cir. 1981)). In Arizona, such a determination often involves

28

-8-

consideration of Rule 32 *et seq.* of the Arizona Rules of Criminal Procedure governing post-conviction relief proceedings. For example, Ariz.R.Crim.P. 32.1 specifies when a petitioner may seek relief in post-conviction proceedings based on federal constitutional challenges to convictions or sentences. Under Rule 32.2, relief is barred on any claim which could have been raised in a prior Rule 32 petition for post-conviction relief, with the exception of certain claims which were justifiably omitted from a prior petition. Ariz.R.Crim.P. 32.2. Moreover, a state post-conviction action is futile when it is timebarred. *Beaty v. Stewart*, 303 F.3d 975, 987(9th Cir.2002); *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir.1997) (recognizing untimeliness under Ariz.R.Crim.P. 32.4(a) as a basis for dismissal of Arizona petition for post-conviction relief, distinct from preclusion under Ariz.R.Crim.P. 32.2(a)).

If a claim is procedurally defaulted, it may not be considered by a federal court unless the petitioner demonstrates cause and prejudice to excuse the default in state court, or demonstrates that a fundamental miscarriage of justice would result. *Coleman,* 501 U.S. at 750; *Sawyer v. Whitley*, 505 U.S. 333, 338-339 (1992).

Cause is defined as a "legitimate excuse for the default," and prejudice is defined as "actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991); *see Murray v. Carrier*, 477 U.S. 478, 488 (1986) (a showing of cause requires a petitioner to show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule"). Prejudice need not be addressed if a petitioner fails to show cause. *Thomas*, 945 F.2d at 1123 n.10. To bring himself within the narrow class of cases that implicate a fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual innocence," *سistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002) (internal quotation marks and citations omitted), which can be shown when "a petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial

was free of nonharmless constitutional error.'" *Id.* at 673 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

                b.     *Procedural Default*

The Magistrate Judge concludes that Petitioner failed to exhaust Ground One, as a federal claim in the state courts. The Magistrate Judge further concludes that if Petitioner returned to state court and attempted to litigate Ground One, it would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because it does not fall within an exception to preclusion. See Ariz. R.Crim. P. 32.2(b); 32.1(d)-(h). Therefore, Ground One is "technically" exhausted but procedurally defaulted because Petitioner no longer has an available state remedy. *See Coleman*, 501 U.S. at 732, 735 n. 1; *Smith,* 510 F.3d at 1138. Petitioner's right to direct review having been completed, he would have to present this claim to the state courts in a petition for post-conviction relief in order to exhaust the claim. Under Arizona law, notice of post-conviction relief must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding. Rule 32.4(a), Ariz.R.Crim.P. If Petitioner were to present this issue in another petition for post-conviction relief, such presentation would be untimely, Rules 32.1 and 32.4(a), and precluded, Rule 32.2. Such a new petition, therefore, would be subject to summary dismissal. *State v. Rosario*, 195 Ariz. 264, 266 (App.1999); *State v. Jones*, 182 Ariz. 432 (App.1995); *Moreno v. Gonzales*, 192 Ariz. 131, 135 (1998) (timeliness is a separate inquiry from preclusion). These claims, therefore, are procedurally defaulted. *Park v. California*, 202 F.3d 1146, 1150-51 (9th Cir.2000) (federal habeas review is precluded where prisoner has not raised his claim in the state courts and the time for doing so has expired).

-10-

The Ninth Circuit has suggested that, under Ariz.R.Crim.P. 32.2, there are exceptions to the rule that a district court can decide whether state remedies remain available for claims that require a knowing, voluntary, and intelligent waiver. *See Cassett v. Stewart*, 406 F.3d 614 (9th Cir.2005). The issue of waiver, however, must be affirmatively raised by the petitioner, *see Beaty v. Stewart*, 303 F.3d 975, 987 & n. 5 (9th Cir.2002), who has not done so in this case.

Accordingly, the Court concludes, that there is no available remedy in state court for the federal claim Petitioner raises in Ground One. Accordingly, federal habeas review of Ground One is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Carrier*, 477 U.S. at 488.

        3.     *Cause and Prejudice/Fundamental Miscarriage*

Petitioner did not file a reply and consequently did not address Respondent's procedural default by demonstrating cause and prejudice for the default. Neither does a review of the available record establish any cause for the default.

Petitioner's status as an inmate and lack of legal knowledge do not constitute cause for his failure to present any of his grounds for relief to the Arizona courts. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir.1986)(finding that an illiterate *pro se* petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir.1988)(finding that petitioner's arguments concerning his mental health and reliance upon jailhouse lawyers did not constitute cause.)

There is no evidence of any objective factor external to the defense which impeded Petitioner's efforts to comply with the State's procedural rule, as demonstrated by his ability to file his petition for post-conviction relief and petition for review - Petitioner merely failed to raise the procedurally defaulted issues.

Likewise, Petitioner has not satisfied the "fundamental miscarriage of justice" standard. Additionally, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this court to consider these claims as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the court declined to review the procedurally defaulted claims on the merits.

### III. CONCLUSION

The Magistrate Judge concludes that Petitioner has failed to present a cognizable federal claim. To the extent Petitioner presents a federal claim, it is procedurally defaulted. Petitioner has not established cause and prejudice, or a fundamental miscarriage of justice, that would excuse the procedural default.

### IV. RECOMMENDATION

The Magistrate Judge recommends that the District Court DISMISS Petitioner's Petition for Writ of Habeas Corpus. (Doc. 1)

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed the parties should use the following case number: **CIV 10-0323-TUC-FRZ**.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir)(2003).

DATED this 17th day of June, 2011.

_____
Bernardo P. Velasco
United States Magistrate Judge

-12-